

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JONATHON HERRERA,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | No. 4:19-CV-460-A<br>(4:16-CR-107-A) |

## GOVERNMENT'S MOTION TO DISMISS 28 U.S.C. § 2255 MOTION AS TIME-BARRED

Jonathon Herrera filed his 28 U.S.C. § 2255 motion after the controlling statute of limitations expired. He has no offered no reasons for equitable tolling or new, reliable evidence of his actual innocence. Therefore, his Section 2255 motion is time-barred, and this Court should dismiss it for the reasons set out below.

## STATEMENT OF THE CASE

A jury found Herrera guilty of conspiracy to possess with intent to distribute a controlled substance. (CR No. 242.)[1] After this Court sentenced him to a guidelines-sentence, Herrera appealed. *See United States v. Herrera*, 713 F. App'x 312, 312-13 (5th Cir. 2018). The United States Court of Appeals for the Fifth Circuit affirmed Herrera's criminal judgment on February 22, 2018. *See id.* Because Herrera did not seek certiorari, his judgment became final 90 days later, on May 23, 2018. *See Clay v.*

---

[1] "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Herrera*, 4:16-CR-107-A-(3) (N.D. Tex.). "CV No. __" refers to the docket number of this Section 2255 action.

1

*United States*, 537 U.S. 522, 532 (2003) ("for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").

Herrera filed this Section 2255 motion more than one year later, on June 11, 2019. (*See* CV No. 1.)

## ARGUMENT AND AUTHORITIES

### 1. Herrera's motion is untimely.

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f); *see also Clay*, 537 U.S. at 532. That period begins to run on the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Herrera makes no argument that subsections (2), (3), or (4) could apply to his claims, and none is apparent from the record. Thus, Section 2255(f)(1) governs here. Under that section, Herrera's judgment became final on May 23, 2018. He had one year from that date—or May 23, 2019—to timely file his Section 2255 motion. But he did

not file his motion until several weeks later, on June 11, 2019. His motion is thus untimely.

In an effort to argue otherwise, Herrera contends that his 90-day period for seeking certiorari did not begin to run until March 16, 2018—the date on which he claims the Fifth Circuit "published" its opinion on direct appeal. (*See* CV No. 6 at 2 ("In this case, 90 days after the opinion of the 5th Circuit was published was June 14, 2018").) Herrera appears to rely—erroneously—on the date on which the Fifth Circuit issued its mandate, not the date on which the Court announced its decision and entered judgment. *Compare* (CR No. 300 (docketing the issuance of the mandate on March 16, 2018)), *with Herrera*, 713 F. App'x at 312 (announcing decision on February 22, 2018). But his reliance is misplaced. "The issuance of the mandate does not determine when a conviction is final for purposes" of Section 2255. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). Rather, Herrera's time to seek certiorari began to run on the date on which the Fifth Circuit announced its judgment. *See id.* ("[U]nder Supreme Court Rule 13(3), the 90-day period for seeking a writ of certiorari runs from the date of entry of judgment, not the date the mandate issues."). As set out above, the Fifth Circuit entered its judgment on February 22, 2018. And Herrera's time for seeking certiorari review expired 90 days later. His Section 2255 motion is untimely.

2. **This Court should dismiss Herrera's motion as time-barred.**

Because Herrera has offered no justification for his untimely filing, this Court should decline to find any "rare and exceptional circumstances" that would warrant

3

equitable tolling. *See Petty*, 530 F.3d at 365. He shoulders the burden to establish an entitlement to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). He has made no effort to do so, thus this Court should dismiss his motion as time-barred.

Nor can Herrera's repeated allegations of innocence render his claims timely. (*Cf.* CV No. 6 at 4 ("the DEA itself coerced a false confession out of me under threat of life imprisonment to [feed] the never-ending need for more defendants in their 'War on Drugs' of which I am a casualty of, not a soldier in."). Although the Supreme Court has recognized an actual-innocence exception to the statute of limitations, *see McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013), a prisoner may only pass through that gateway if he offers new, reliable evidence of his actual innocence. *See Merryman v. Davis*, ___ F. App'x ___, ___, 2019 WL 3071992, *3 (5th Cir. 2019). "The 'new evidence' must be 'reliable evidence,' such as 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Merryman*, 2019 WL 3071992, *3 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Herrera has offered no new, reliable evidence that would establish his actual innocence. And the evidence of his guilt at trial was overwhelming. The government introduced Herrera's earlier, detailed confession, and several of his conspirators testified against him. (*See* CR No. 291 at 16 (summarizing the trial evidence).) Because he cannot pass his untimely claims through the narrow, actual-innocence gateway, this Court should dismiss his motion with prejudice as time-barred.

4

## CONCLUSION

Because Herrera's motion is untimely under Section 2255(f)(1), and he has not shown that another subsection of Section 2255(f) applies or that he is entitled to equitable tolling, his motion should be dismissed as time-barred. Should the Court disagree, the government respectfully requests a 7-day extension from the Court's denial of this motion to file its response.

                                            Respectfully submitted,

                                            ERIN NEALY COX
                                            UNITED STATES ATTORNEY

                                            */s/ Jonathan Bradshaw*
                                            Jonathan Bradshaw
                                            Assistant United States Attorney
                                            Colorado Bar No. 43838
                                            1100 Commerce Street, Third Floor
                                            Dallas, Texas 75242
                                            Telephone: (214) 659-8600
                                            E-mail: jonathan.bradshaw@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

I have not spoken with Herrera regarding this motion because he is incarcerated.

## **CERTIFICATE OF SERVICE**

I certify that on September 10 2019, I filed this notice with the clerk of court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this notice was sent to Jonathon Herrera, Register Number 53052-177, McCreary USP, P.O. Box 3000, Pine Knot, Kentucky 42635, by first class mail.

_____
JONATHAN BRADSHAW
Assistant United States Attorney