IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



JONATHON HERRERA, §
 §
Movant, §
 §
VS. § NO. 4:19-CV-460-A
 § (NO. 4:16-CR-107-A)
UNITED STATES OF AMERICA, §
 §
Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jonathon Herrera ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the memorandum in support, the affidavits of his parents (submitted as two separate addenda to the motion), the government's motion to dismiss, the reply, and pertinent parts of the record in Case No. 4:16-CR-107-A, styled "United States of America v. Ramon Alejandro Reyes, et al.," finds that the government's motion to dismiss should be granted.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 15, 2016, movant was named in a second superseding indictment charging him with conspiracy to possess with intent to

distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 97. On December 14, 2016, movant was named in a third superseding indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(1)(1) and (b)(1)(C), and in count three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR Doc. 208. Movant was tried by a jury and found guilty of count one and not guilty of counts two and three. CR Doc. 242.

The probation officer prepared a presentence report ("PSR") reflecting that movant's base offense level was 38. CR Doc. 254, ¶ 37. He received a two-level enhancement for importation of methamphetamine and a two-level enhancement for obstruction of justice. Id. ¶¶ 38, 41. Based on a total offense level of 42 and a criminal history category of V, movant's guideline imprisonment range was 360 months to life. However, the statutorily-authorized

---

[1]The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-107-A.

maximum sentence was 40 years, so his guideline range became 360 to 480 months. Id. ¶ 119. Movant lodged objections, CR Doc. 280, and the probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 260.

Movant was sentenced to a term of imprisonment of 480 months. CR Doc. 269. He appealed, CR Doc. 271, and his sentence was affirmed on February 22, 2018. United States v. Herrera, 713 F. App'x 312 (5th Cir. 2018). Movant did not file a petition for writ of certiorari.

II.

Grounds of the Motion

Movant raises four grounds in support of his motion, worded as follows:

> Ground One: Through Prosecutorial Misconduct I was Denied Due Process of Law as Guaranteed by the 5th and 14th Amendments
>
> Ground Two: Ineffective Assistance of Defense Counsel at both Trial and Appeal Violated my 6th Amendment Guarantee, and Due Process as Guaranteed by the 5th and 14th Amendment
>
> Ground Three: Judicial Bias undermined Fundamental Fairness at Trial

Doc.[2] 1 at 7.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

Ground Four: My sentence, being the statutory maximum, violates the 8th Amendment protections against cruel and unusual punishment.

Id. at 8.

III.

Applicable Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

4

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that

5

the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

As the government points out, movant's motion is not timely. Section 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). In this case, limitations began to run on the date the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The Fifth Circuit issued its opinion on February 22, 2018. Because movant did not file a petition for writ of certiorari, his judgment became final 90 days later, on May 23, 2018. Clay v. United States, 537 U.S. 522, 532 (2003). (Movant erroneously relies on the date of the mandate to calculate finality of his judgment. Doc. 6 at 2. See United States v.

6

Petty, 530 F.3d 361, 365 (5th Cir. 2008)(issuance of mandate does not determine when a conviction is final)).

Movant has made no attempt to show that he is entitled to equitable tolling; nor could he make that showing. To do so he must establish that he diligently pursued his rights and that some extraordinary circumstances stood in his way and prevented his timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). Although actual innocence might serve as an exception to the bar of limitations, movant may only benefit from this exception if he shows that in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013); Merryman v. Davis, 2019 WL 3071992, at *3 (5th Cir. 2019). Movant has not offered such evidence here.

The court further notes in any event that movant could have raised grounds one, three and four on appeal and cannot raise them here. Davis, 417 U.S. at 345; Placente, 881 F.3d at 558.

Finally, in his reply, movant makes a new argument that his case should be held in abeyance pending the Supreme Court's determination of Shular v. United States, No. 18-6662. The court does not consider arguments made for the first time in a reply. United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998). In any event, movant has not explained why he would be entitled

to such relief, much less what bearing <u>Shular</u> would have on his case.

V.

<u>Order</u>

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 1, 2019.

_____
JOHN McBRYDE
United States District Judge